# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY DESANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:09-cv-1552 |
| v. | ) |
| | ) |
| IBIS TEK APPAREL, LLC. | ) |
| | ) |
| Defendant. | ) |

## ORDER

AND NOW, this 1st day of August, 2011, upon consideration of the motion for summary judgment (ECF No. 26) filed by defendant Ibis Tek Apparel, LLC ("defendant" or "Ibis Tek") and the other submissions of the parties, the motion for summary judgment is DENIED without prejudice. Both defendant and plaintiff Ashley Desano ("plaintiff" or "Desano") failed to follow the requirements as set forth in the Local Rules of Civil Procedure for the Western District of Pennsylvania and the case management order, dated January 27, 2011 entered by this court (ECF No. 25). Specifically, plaintiff and defendant failed to comply with Local Rule of Civil Procedure No. 56. Local Rule of Civil Procedure No. 56 provides:

> (A) Application. The procedures that follow shall govern all motions for summary judgment made in civil actions unless the Court, on its own motion, directs otherwise, based on the particular facts and circumstances of the individual action.
>
> (B) Motion Requirements. The motion for summary judgment must set forth succinctly, but without argument, the specific grounds upon which the judgment is sought and *must be accompanied* by the following:
> (1)   A Concise Statement of Material Facts. A separately filed concise statement setting forth the facts essential for the Court to decide the motion for summary judgment, which the moving party contends are undisputed

and material, including any facts which for purposes of the summary judgment motion only are assumed to be true. The facts set forth in any party's Concise Statement shall be stated in separately numbered paragraphs. A party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact;

 (2) Memorandum in Support. The supporting memorandum must address applicable law and explain why there are no genuine issues of material fact to be tried and why the moving party is entitled to judgment as a matter of law; and

 (3) Appendix. Documents referenced in the Concise Statement shall be included in an appendix. Such documents need not be filed in their entirety. Instead, the filing party may extract and highlight the relevant portions of each referenced document. Photocopies of extracted pages, with appropriate identification and highlighting, will be adequate.

(C) Opposition Requirements. Within 30 days of service of the motion for summary judgment, the opposing party shall file:

 (1) A Responsive Concise Statement. A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:

  (a) admitting or denying whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material;

  (b) setting forth the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material), with appropriate reference to the record (See LCvR 56.B.1 for instructions regarding format and annotation); and

  (c) setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the Court to determine the motion for summary judgment;

 (2) Memorandum in Opposition. The memorandum of law in opposition to the motion for summary judgment must address applicable law and explain why there are genuine issues of material fact to be tried and/or why the

moving party is not entitled to judgment as a matter of law; and

(3)  Appendix. Documents referenced in the Responsive Concise Statement shall be included in an appendix. (See LCvR 56.B.3 for instructions regarding the appendix).

(D)  Moving Party's Reply to Opposing Party's Submission. Within 14 days of service of the opposing party's submission in opposition to the motion for summary judgment, the moving party may reply to the opposing party's submission in the same manner as set forth in LCvR 56.C.

(E)  Admission of Material Facts. Alleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement, which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party.

LCvR 56.A-E.

The parties also failed to comply with this court's CASE MANAGEMENT ORDER – SUMMARY JUDGMENT (ECF No. 25), in which the parties were instructed to identify in their respective brief the paragraph numbers from their concise statement of facts that support their arguments. The parties may find helpful the format of the filings for summary judgment motion in *Horner v. Allegheny General Hospital* at Civil Action No. 07-1634. The court will file an amended case management order.

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge